UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GUY HARTZOG                                               CIVIL ACTION

VERSUS                                                    NO. 12-2895

CAYO, L.L.C.                                              SECTION "C" (2)

## ORDER AND REASONS ON MOTION

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to defendant's Amended Motion for Leave to File Third-Party Complaint, Record Doc. No. 17, submitted for decision on June 3, 2013 without oral argument, has been timely submitted. Although this motion would ordinarily be deemed to be unopposed in such circumstances, defendant, Cayo, L.L.C., asserts that plaintiff, Guy Hartzog, "does not oppose the filing of Cayo's Third-Party Complaint in principle, but does object to the extent filing same would cause a prolonged and indefinite continuance of trial." Id. at p. 1. Because I find that the proposed amendment would result in just such a delay, I consider the motion opposed.

Cayo seeks leave to add as third-party defendants two physicians who treated plaintiff and the hospital where he was treated, after he was injured in the maritime accident that gave rise to his Jones Act negligence and general maritime claims against Cayo in the instant case. Defendant alleges that the physicians and hospital may have negligently caused or contributed to Hartzog's injuries and damages, so that Cayo may

be entitled to contribution from the proposed third-party defendants for some of the damages, if any, that are awarded to plaintiff.  Cayo seeks to assert third-party claims for contribution against the physicians and hospital, based on medical malpractice.  For the following reasons, IT IS ORDERED that the motion is DENIED.

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend.  Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.  Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)).  Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic."  Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted).  Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."  Id.

In addition, however, motions for leave to file third-party complaints are governed by Fed. R. Civ. P. 14(a), and "[t]he district court is accorded 'wide discretion in determining whether to permit such third party procedure . . . .'" McDonald v. Union Carbide Corp., 734 F.2d 182, 183 (5th Cir. 1984) (quoting S. Ry. v. Fox, 339 F.2d 560, 563 (5th Cir. 1964)) (emphasis added).  In exercising this wide discretion, courts have considered a number of factors, including effectuating the purposes of Rule 14 (avoiding circuity of action and eliminating duplication of suits on closely related matters); whether other parties will be prejudiced; the unreasonableness of delay by the party asserting the third-party complaint; lack of substance to the third-party claim, and whether the action will become unduly complex or unduly delayed by permitting the impleader.  6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1443 at 351-67 (West 2010).

In this instance, defendant's motion is timely, having been filed before the deadline for amendments and third-party actions set in the court's extended scheduling order. Record Doc. No. 13.  In this case, Cayo's motion for leave to file a third-party complaint was submitted to the Clerk of Court electronically on May 6, 2013, the deadline date set by the presiding district judge for amending pleadings and adding third parties.  Record Doc. Nos. 13 and 15.  The Clerk of Court rejected the filing as "deficient" and required that the motion be re-filed.  Refiling in compliance with the Clerk's requirements occurred

eight (8) days later, on May 14, 2013, when defendant filed an amended motion for leave to file a third-party complaint.  Record Doc. No. 17.  "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."  Fed. R. Civ. P. 5(d)(4).  In addition, "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply."  Fed. R. Civ. P. 83(a)(2).  The Fifth Circuit has recognized that this court's local electronic filing requirements are such rules and that the filing date for timeliness purposes under these circumstances is the earlier "deficient" filing date. Darouiche v. Fid. Nat'l Ins. Co., 415 F. App'x 548, 552 (5th Cir. 2011).  The motions must therefore be considered timely filed.

Since the motions were timely filed, I cannot find any undue delay or dilatory motive by Cayo.  There is no indication of bad faith.  This is the first amendment filed by defendant, so that there has been no failure to cure pleading deficiencies by prior amendment.  Ample time remains before the scheduled trial date, so that no undue prejudice to the other parties would be expected to result from permitting the amendment.

More significantly, however, the proposed third-party complaint is futile.  Cayo seeks to assert medical malpractice claims against the proposed third-party defendants as a means of establishing its own non-contractual contribution claims against plaintiff's

medical care providers, based upon their alleged negligence in their medical treatment of plaintiff. "[S]tate law . . . controls in cases such as this." Joiner v. Diamond M Drilling Co., 688 F.2d 256, 261 (5th Cir. 1982).

Under the Louisiana Medical Malpractice Act, no such claim may be asserted in any court against the doctors and hospital whom Cayo seeks to name in the third-party complaint until Cayo has submitted its medical malpractice claim to a medical review panel and the panel has reviewed the claim and rendered its expert opinion. La. Rev. Stat. § 40:1299.47(A)(1)(a); Williams v. Notami Hosps. of La., Inc., 927 So. 2d 368, 372 (La. App. 1st Cir. 2005). The Medical Malpractice Act "appl[ies] to claims brought by 'a patient, a patient's representative on the patient's behalf, or other persons having claims arising from injuries to or death of a patient.'" Atkinson v. Lammico Ins. Co., 63 So. 3d 1176, 1184 (La. App. 3d Cir. 2011) (quoting Hutchinson v. Patel, 637 So. 2d 415, 422 (La. 1994)).

Thus, the medical review procedure is required, not only when an injured patient seeks to recover from his qualified healthcare provider for medical malpractice, but also when, as here, a third party seeks to recover from a healthcare provider for the effects of the provider's medical negligence on the patient, but the patient has not invoked the medical review process. Thomas v. LeJeune, Inc., 501 So. 2d 1075, 1077 (La. App. 2d

5

Cir. 1987), <u>overruled in part on different grounds by</u> <u>Hutchinson</u>, 637 So. 2d at 426;

<u>accord</u> <u>Voorhies v. Admin'rs of Tulane Educ. Fund</u>, No. 11-3117, 2012 WL 1672748, at

*9 (E.D. La. May 14, 2012); <u>Zoblotsky v. Tenet Choices, Inc.</u>, No. 03-2957, 2007 WL

2670110, at *5 (E.D. La. Sept. 7, 2007); <u>Hutchinson</u>, 637 So. 2d at 426 n.15; <u>Bolden v.</u>

<u>Dunaway</u>, 727 So. 2d 597, 601-02 (La. App. 1st Cir. 1998); <u>Jones v. Scriber</u>, 716 So. 2d

905, 906 (La. App. 2d Cir. 1998).

Medical malpractice claims that are asserted in a court before the completion of the

peer review process must be dismissed as premature. <u>Voorhies</u>, 2012 WL 1672748, at *9

(citing La. Code Civ. Proc. art. 933; <u>Bennett v. Krupkin</u>, 814 So. 2d 681, 685 (La. App.

1st Cir. 2002)); <u>Zoblotsky</u>, 2007 WL 2670110, at *5; <u>Williams</u>, 927 So. 2d at 372-73

(citing <u>Spradlin v. Acadia-St. Landry Med. Found.</u>, 758 So.2d 116, 119 (La. 2000);

<u>McKnight v. D & W Health Services, Inc.</u>, 873 So. 2d 18, 20 (La. App. 1st Cir. 2003);

<u>Dunn v. Bryant</u>, 701 So. 2d 696, 699 (La. App. 1st Cir. 1997)).

Under these circumstances, it would be futile to permit the assertion of clearly

premature medical malpractice claims that would have to be dismissed as soon as the

newly added third-party defendants filed a responsive Rule 12 motion.

The motion fares no better under the Rule 14 standard. In its proposed third-party

complaint, Cayo invokes Rule 14(c), which "permits a defendant [in an admiralty or

maritime case] to implead a third-party defendant for two purposes:   (1) to seek contribution or indemnification from the third-party defendant, and (2) to tender the third-party defendant to the plaintiff." <u>Ambraco, Inc. v. Bossclip B.V.</u>, 570 F.3d 233, 242-43 (5th Cir. 2009) (citing Fed. R. Civ. P. 14(c); <u>Tex. A&M Research Found. v. Magna Transp., Inc.</u>, 338 F.3d 394, 399-400 (5th Cir. 2003)).  However, Rule 14(c) also "<u>requires</u> the third-party plaintiff (1) to assert an action sounding admiralty or maritime, (2) that arises out of 'the same transaction, occurrence, or series of transactions or occurrences' as the plaintiff's original claim, <u>and</u> (3) over which the district court has jurisdiction." <u>Id.</u> (emphasis added).  Because the Fifth Circuit requires that, "under Rule 14(c), the third-party plaintiff 'assert an action sounding in admiralty or maritime' law . . . , [the proposed third-party defendant] cannot be a proper Rule 14(c) party unless [plaintiff's or defendant's] claims against it arise under admiralty or maritime law." <u>Duet v. Falgout Offshore, LLC</u>, No. 09-3321, 2010 WL 1817766, at *2 (E.D. La. May 5, 2010) (citing <u>Ambraco</u>, 570 F.3d at 243; <u>McDonough Marine Service v. Royal Ins. Co.</u>, No. 00-3134, 2001 WL 576190, at *4 (E.D. La. May 25, 2001)).

Nothing in the proposed third-party complaint appears to satisfy this requirement. Although Hartzog's claims against Cayo sound in maritime law, Cayo repeatedly states in its motion and its proposed complaint that it is asserting medical malpractice claims

under state law against the doctors and hospital. Thus, Rule 14(c) does not permit the assertion of Cayo's claims against the proposed third-party defendants.

Permitting this third-party complaint to assert legally premature and dismissable state law medical malpractice claims would render this action, which is currently a straightforward personal injury suit, unduly complex. Permitting the requested impleader at a time when it cannot be prosecuted will only increase unnecessary effort and expense, both by the parties and the courts involved, unduly complicating and delaying resolution of plaintiff's claims against defendant in this case. The new parties would be prejudiced by the premature and currently unnecessary expenditure of time and expense by being involved in this suit while the required state law medical malpractice pre-lawsuit administrative process goes forward. This would not advance judicial or party efficiencies.

In its motion papers, Cayo describes itself as being "on the horns of a dilemma." Record Doc. No. 17-1 at p. 4. No such dilemma exists. By its nature, a Rule 14 third-party complaint may be brought only against a non-party "who is or may be liable to [a defendant] for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1) (emphasis added). Although Cayo has a right to assert a contribution claim against the proposed third-party defendants, that claim does not mature until such time as Cayo is found to be

8

liable to plaintiff, if ever.  Crompton Greaves, Ltd. v. Shippers Stevedoring Co., 776 F.

Supp. 2d 375, 401 (S.D. Tex. 2011) (citing Hercules Inc. v. Stevens Shipping Co., 698

F.2d 726, 732 (5th Cir. 1983); AIDA Dayton Techs. Corp. v. I.T.O. Corp., 137 F. Supp.

2d 637, 637 (D. Md. 2001)); In re Katrina Canal Breaches Litig., No. 05-4182, 2008 WL

5132840, at *8 n.14 (E.D. La. Dec. 1, 2008) (citing Pierce v. Five B's, Inc., No. 07-3263,

2008 WL 4091010, at *2 (E.D. La. Aug. 27, 2008)); In re Two-J Ranch, Inc., No. 04-

1891, 2007 WL 4898328, at *4 (W.D. La. Sept. 12, 2007), report & recommendation

adopted in part, rejected in part on other grounds, 534 F. Supp. 2d 671 (W.D. La. 2008)

(citing Marathon Pipe Line Co. v. Drilling Rig Rowan/Odessa, 761 F.2d 229 (5th Cir.

1985)).

Under Louisiana law, prescription on Cayo's contribution claims against the third-

party defendants does not begin to run until Cayo is found liable to plaintiff, if ever.

Joiner, 688 F.2d at 263 (citing Thomas v. W & W Clarklift, Inc., 375 So.2d 375, 378 (La.

1979)); Indemnity Ins. Co. v. Gee Cee Co., No. 03-387, 2003 WL 22533649, at *3 (E.D.

La. Nov. 3, 2003) (citing Thomas, 375 So. 2d at 379; Blue Streak Enters., Inc. v. Gulf

Coast Marine, Inc., 370 So. 2d 633, (La. App. 4th Cir. 1979)); Sea Robin Pipeline Co. v.

New Medico Head Clinic Facility, No. 94-1450 1994 WL 479189, at *1 (E.D. La. Aug.

30, 1994) (citing Thomas, 375 So. 2d at 378; U.S. Fidelity & Guaranty Co. v. Safeco Ins.

Co., 420 So. 2d 484 (La. App. 1st Cir. 1982); Great Am. Ins. Co. v. Swift & Co., 587 F.

Supp. 432 (E.D. La. 1984)); Reggio v. E.T.I., 15 So. 3d 951, 952, 958 (La. 2008); Toups

v. Koch Gateway Pipeline, Inc., 915 So. 2d 811, 814 (La. App. 1st Cir. 2005); Hendrick

v. Stone, Pigman, Walther, Wittmann & Hutchinson, 677 So. 2d 716, 719-20 (La. App.

1st Cir. 1996) (citing Cole v. Celotex Corp., 599 So. 2d 1058, 1071-72 (La. 1992)).

      Thus, Cayo is in no way prejudiced by denial of its motion since it is not required

by Rule 14 or state law to assert its contribution claims against the medical providers in

this action before Cayo has been held liable to Hartzog.  Under these circumstances, the

motion is denied.

      New Orleans, Louisiana, this _____5th_____ day of June, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE